UNITED STATES of America,
Plaintiff,

v.

Franklin L. BATTEN, Defendant.

Crim. No. 731–62.

United States District Court
District of Columbia.

Feb. 19, 1964.

Barbara A. Lindemann, Asst. U. S. Atty. for District of Columbia, for the United States.

F. Joseph Donohue, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is the trial of an indictment charging obstruction of justice and subornation of perjury in connection with a proceeding before the Securities and

Exchange Commission. The gravamen of the offense charged is that the defendant induced one Sines to testify falsely before the Securities and Exchange Commission that he, Sines, had purchased certain securities through the firm of which the defendant was the head, and that he resold those securities to that firm, whereas in fact and in truth the alleged sale was purely fictitious and never took place.

The indictment consists of two counts. The first count charges subornation of perjury. The second count charges obstruction of justice in violation of 18 U.S.C. § 1505, paragraph (1), which seeks to punish anyone who corruptly endeavors to influence, intimidate or impede any witness in any proceeding before any department or agency of the United States.

At the close of the Government's case, counsel for the defendant moves for a judgment of acquittal on several grounds. It is contended, first, that the matter in connection with which the witness Sines gave sworn testimony was not a proceeding of the type contemplated by Section 1505. In order to determine this question it is necessary to analyze the nature of the matter pending before the Commission.

On October 6th, 1960 the Commission made an order providing that an investigation should be undertaken to determine whether the defendant and the firm of which he was a member were engaged in certain practices in violation of the Securities Act of 1933 and the Securities Exchange Act of 1934. For that purpose the order designated certain attorneys on the staff of the Commission, among them one C. D. Ward, to administer oaths, subpoena witnesses, and perform all other duties in connection with the inquiry. This order was issued pursuant to the provisions of the Securities and Exchange Act found in Title 15 U.S.C. § 78u, paragraphs (a) and (b). Paragraph (a) authorizes the Commission to make such investigations as it deems necessary to determine whether any person has violated or is about to violate any provision of the Act or any rule or regulation thereunder. Paragraph (b) authorizes any member of the Commission or any officer designated by it to administer oaths and subpoena witnesses in connection with such inquiry.

Mr. Ward, who was named in this order as an officer of the Commission to conduct the inquiry, issued a subpoena to the witness Sines, who appeared before him in response to the subpoena on the return day. Mr. Ward administered an oath to Sines and interrogated him as to whether the sale of certain stock, which it appeared on the books of Batten & Company had been sold to Sines and bought back from him, was actually bought and sold or whether the transaction was fictitious. Sines testified that he actually bought and then sold the stock. Subsequently the Commission made an order dated November 21, 1960, instituting a formal proceeding to determine whether certain violations of the Act and rules and regulations thereunder had been committed by the defendant and ordered that a public hearing be held for that purpose before a Hearing Examiner, and such hearing took place.

It is contended in behalf of the defendant that, while the statute relating to obstruction of justice would be applicable to the second proceeding, it was inapplicable to the first proceeding because the latter was not in reality a proceeding contemplated by the Act, 18 U.S.C. § 1505, but was merely a preliminary investigation and, therefore, did not come within the scope of the statutory provision.

The Court is not unmindful of the doctrine that a criminal statute should be strictly construed. There is, however, a corollary to that principle, namely, that even a criminal statute should not be interpreted so narrowly as to defeat the purpose and intent of the legislative body that enacted it.

The word "proceeding" is a term of very broad scope. For example, a pre-

liminary hearing before a United States Commissioner is a proceeding, even though there has been no indictment as yet. The statute authorizing the action taken by the Commission specifically empowers investigations to be conducted and witnesses to be sworn at such investigations. This is more than a mere police investigation, as counsel has termed it. To say that a person may not be punished under this statute for inducing a witness to commit perjury at such an investigation, in which an oath is administered by authority of law, and to limit the statute only to formal hearings before an Examiner or a member of the Commission, would defeat a part of the purpose of Congress.

The Court, therefore, reaches the conclusion that the term "proceeding" as used in 18 U.S.C. § 1505, should be construed broadly enough to include any investigation directed by a formal order of the Commission, at which a designated officer takes testimony under oath. The Court realizes that this is a case of novel impression. It is interesting to note, however, that the Supreme Court in another connection has recognized a distinction between adjudicative and investigative proceedings of the Securities and Exchange Commission and that the Commission conducts numerous investigations, Hannah v. Larche, 363 U.S. 420, 446, 80 S.Ct. 1502, 4 L.Ed.2d 1307. It would seem to follow that both types of proceedings are called such and, therefore, by analogy would be covered by the statute involved here. To be sure, the statement in the opinion of the Supreme Court, to which reference has just been made, may be considered a dictum, but it does cast an illuminating light on the question here presented. In view of these considerations the Court overrules this objection.

The second objection is that there is no showing of materiality. The Court disagrees. The purpose of the questions directed to the witness was to determine whether the defendant had engaged in a fictitious transaction or whether the transaction which appeared on the books of the defendant was actual and bona fide. If it were a fictitious transaction, there might have been a violation of several regulations and statutory provisions. Therefore, the conclusion is inescapable that the questions were material to the inquiry and the inquiry was within the power of the Commission.

The third objection raised is that the Government has failed to submit sufficient evidence to justify the jury in finding that the defendant knew that the witness Sines would be asked to testify under oath. It seems to the Court that there are two answers to that objection. Section 1505 prohibits any endeavor to influence, intimidate or impede any witness in any proceeding before any department or agency of the United States. This provision is broad enough to cover any activity which would influence or intimidate a witness who might be called to testify; it is not limited to a witness who has been called to testify under oath and to a case in which the defendant knew that particular fact. The second answer to that objection is that whether the defendant knew that the witness would be asked to testify under oath is a question of fact for the jury. There is enough evidence to justify the submission of that question to the jury, bearing in mind particularly that at this juncture it is incumbent upon the Court to construe the evidence most favorably from the standpoint of the Government. There is some evidence to the effect that the defendant Batten was informed of the fact that the witness Sines was under subpoena; there is some evidence to the contrary. The question is for the jury to determine.

In view of these considerations the motion for a judgment of acquittal is denied.