UNITED STATES of America, Plaintiff,

v.

**Jon J. HIGGINS, Luther Albert James, Defendants.**

**No. Cr 81–00020–01–02–L.**

United States District Court,
Western Dist. of Kentucky,
Louisville Division.

March 27, 1981.

---

* A very adequate law library is now maintained at the Georgia State Prison.

John L. Smith, U. S. Atty., Louisville, Ky., for plaintiff.

Frank E. Haddad, Jr., Samuel Manly, J. Tim McCall, Louisville, Ky., for defendants.

## MEMORANDUM OPINION

JOHNSTONE, District Judge.

This action is before the Court on the defendants' joint motion to dismiss the indictment. For the reasons which follow, the motion must be granted.

The Court's task in considering the motion to dismiss is to determine whether the allegations of the indictment, when accepted as true, are legally sufficient to state an offense. *United States v. Sampson*, 371 U.S. 75, 78–79, 83 S.Ct. 173, 174–175, 9 L.Ed.2d 136 (1963). The Court may properly decide all questions of law raised by defendants as grounds for dismissing the indictment. *United States v. Jones*, 542 F.2d 661, 664–65 (6th Cir. 1976).

Defendants are charged with violation of 18 U.S.C. § 1505. Section 1505 is entitled "Obstruction of proceedings before department, agencies, and committees". The Court must address the threshold question of whether the F.B.I. investigation which was allegedly obstructed by defendants was a "proceeding" within the meaning of the statute. The statute reads, in pertinent part:

Whoever corruptly ... obstructs ... the due and proper administration of the

law under which such proceeding is being had before such department or agency of the United States ... shall be fined not more than $5,000 or imprisoned not more than five years, or both.

18 U.S.C. § 1505, ¶ 4.

The "proceeding" mentioned in paragraph 4 of § 1505 is referred to in paragraph 1 as "any proceeding pending before any department or agency of the United States". What constitutes a "proceeding" within the meaning of § 1505 is a question of law which must be determined by the Court. *United States v. Fruchtman*, 421 F.2d 1019, 1021 (6th Cir. 1970).

The *Fruchtman* case involved an alleged obstruction of an investigation by the Federal Trade Commission. There the Sixth Circuit Court of Appeals said that

> "proceeding" is a term of broad scope, encompassing both the investigative and adjudicative functions of a department or agency.

*Id.*

■ However, the Federal Trade Commission is an agency which by law possesses *both* investigative and adjudicative functions. Its mission is to regulate conduct in the economic marketplace, not merely to investigate such conduct. Under our system of separation of powers, a criminal investigatory agency, in contradistinction to an administrative or regulatory agency, has no power to engage in rulemaking or adjudication. The Court is convinced, after careful examination of the case law and pertinent legislative history, that the meaning of "proceeding" in § 1505 must be limited to actions of an agency which relate to some matter within the scope of the rulemaking or adjudicative power vested in the agency by law. Since the F.B.I. has no rulemaking or adjudicative powers regarding the subject matter of this indictment, its investigation was not a "proceeding" within the meaning of the statute.

It is significant to the Court that in the eighty-two years this statute or its predecessor has been on the books, it has apparently never been applied to a criminal investigation by a federal law enforcement agency. The United States has been unable to cite a single precedent, and the Court has found none in its independent research. Indeed, each reported decision applying this statute has involved an agency with rulemaking or adjudicative authority in addition to investigative functions. *See e. g., United States v. Browning*, 572 F.2d 720 (10th Cir. 1978) (Bureau of Customs); *United States v. Alo*, 439 F.2d 751 (2d Cir. 1971) (Securities & Exchange Commission); *United States v. Fruchtman, supra* (Federal Trade Commission); *United States v. Abrams*, 427 F.2d 86 (2d Cir. 1970) (Immigration & Naturalization Service); *United States v. Rice*, 356 F.2d 709 (8th Cir. 1966) (National Labor Relations Board); *United States v. Brumfield*, 85 F.Supp. 696 (W.D. La.1949) (Federal Petroleum Board).

■ This Court would for all practical purposes be amending § 1505 by deleting the requirement that the obstruction must relate to a proceeding pending before an agency, if it were to adopt the construction urged by the United States. In oral argument, the government contended that this indictment should be viewed differently since it involves a police chief who is alleged to have corruptly used his official position to alert the subject of an F.B.I. investigation to surveillance by federal undercover agents. But the statute makes no distinction for any special class of defendants. If § 1505 can be used to prosecute a police chief, it can be used to prosecute an ordinary citizen. Such a broad expansion of this statute should not be imposed by judicial decision. It is for Congress, not the courts, to decide if there is a need for such a provision in federal law. Criminal statutes must be strictly construed by the courts. *United States v. San Martin*, 515 F.2d 317 (5th Cir. 1975); *United States v. Essex*, 407 F.2d 214 (6th Cir. 1969).

In this regard, the Court finds the legislative history of 18 U.S.C. § 1510, entitled "Obstruction of criminal investigations", to be very persuasive. The Report of the House Judiciary Committee, in discussing the scope of §§ 1503 and 1505, observed:

> However, attempts to obstruct a criminal investigation or inquiry *before a proceeding has been initiated are not within*

*the scope of the proscription of those sections.*

H.R.Rep.No. 658, 90th Cong., 1st Sess., 1967 U.S.Code Cong. & Admin.News, p. 1760 (Emphasis added).

In accordance with this view, it has been held that § 1510 and § 1505 are mutually exclusive. *United States v. Mitchell,* 372 F.Supp. 1239 (S.D.N.Y.1973).

■ For the reasons stated above, Counts I and II of the indictment are insufficient to state an offense since there was no "proceeding" pending, within the meaning of § 1505, for defendants to obstruct. Thus, Count III of the indictment must also fall, because it charges a conspiracy which has no illegal object as an underlying offense. As the Court held in *United States v. Aloi,* 511 F.2d 585 (2d Cir. 1975): "A conspiracy to be criminal must, of necessity, encompass a crime." *Id.* at 592. This conspiracy, under the Court's ruling today, encompasses *no crime.*

The question before the Court cannot be decided on the propriety or impropriety of the alleged actions. Rather, the Court must determine whether the conduct charged is prohibited by the statute under which the indictment was brought. The Court is convinced that § 1505 does not prohibit the conduct alleged, and therefore, the indictment must be dismissed.