UNITED STATES of America, Appellee,

v.

Franklin LEWIS, Appellant.

No. 80–5155.

United States Court of Appeals,
Fourth Circuit.

Argued May 7, 1981.

Decided Aug. 10, 1981.

Rehearing Denied Sept. 17, 1981.

Henry L. Marsh, III and S. W. Tucker, Richmond, Va. (Hill, Tucker & Marsh, Richmond, Va., on brief), for appellant.

Raymond A. Carpenter, Asst. U.S. Atty., Richmond, Va. (Justin W. Williams, U.S.

Atty., Alexandria, Va., on brief), for appellee.

Before BUTZNER, Circuit Judge, FIELD, Senior Circuit Judge, and HALL, Circuit Judge.

FIELD, Senior Circuit Judge:

Franklin Lewis was named in an indictment charging that he corruptly obstructed, impeded and endeavored to influence, obstruct and impede the proper administration of the law in a collection action being conducted by the Internal Revenue Service, in violation of 18 U.S.C. § 1505. Lewis was tried and found guilty by the district court sitting without a jury and has appealed his conviction.

The charges in the indictment stem from the attempts of the Internal Revenue Service to secure delinquent returns and collect delinquent taxes from Lewis. In the course of his attempt to collect the taxes from Lewis, the revenue agent discovered that one Daniel E. Vick owed Lewis money representing the balance of the purchase price of a truck which Vick had acquired from Lewis. The agent caused notices of levy against the property of Lewis to be served on Vick and instructed Vick to pay to the Internal Revenue Service any sums owed to Lewis. Upon learning of this levy, Lewis attempted to persuade Vick to pay him the balance of the purchase price by back-dating a check and representing to the Revenue Service that the money had been paid to Lewis prior to receipt of the levy notices. The record amply supports the conclusion that Lewis attempted by this ploy to frustrate the Internal Revenue Service in its attempt to collect the delinquent taxes.

Upon appeal Lewis contends that the Government failed to demonstrate the validity of the levy upon the monies due and owing to Lewis from Vick. We agree with the Government that the underlying validity of the levy under the revenue laws of the United States is a matter to be determined in a separate action of a civil nature and may not be used as a defense to a criminal charge such as that in the present case. We are further of the opinion that the evidence was sufficient to show that Lewis acted corruptly and that his conduct was clearly a violation of 18 U.S.C. § 1505. Finally the election by the Government to proceed under 18 U.S.C. § 1505 rather than the provisions of 26 U.S.C. 7212 was not an abuse of prosecutorial discretion.

Perceiving no error of law or fact, the judgment of conviction is affirmed.

AFFIRMED.