**UNITED STATES of America**

v.

**Larry J. WRIGHT.**

**Crim. No. S 88–0406.**

United States District Court,
D. Maryland.

Jan. 31, 1989.

Breckinridge L. Willcox, U.S. Atty. and Max H. Lauten, Asst. U.S. Atty., Baltimore, Md., for plaintiff.

Richard Ben–Veniste, Peter D. Isakoff, and Ben–Veniste & Shernoff, Washington, D.C., and Brian Frosh, Bethesda, Md., for defendant.

## MEMORANDUM

SMALKIN, District Judge.

The defendant is charged in a five count indictment with four counts of violating 18 U.S.C. § 494 and one count of violating 18 U.S.C. § 1505. He has moved to dismiss the indictment. For reasons that follow, the motion is *granted.*

■ Counts one through four of the indictment allege violations of 18 U.S.C. § 494 (1982). That statute punishes anyone who "falsely makes, alters, forges, or counterfeits any ... affidavit ... for the purpose of defrauding the United States...." The statute also punishes anyone who transmits to a federal officer "any such false, forged, altered, or counterfeited writing, knowing the same to be false, forged, altered, or counterfeited...."

Although it did not become apparent until the Court received Assistant United States Attorney Lauten's letter of January 27, 1989, counts one through four are *not* based on any contention that "the affidavits were forged or counterfeited." The Government's theory is that the affidavits were *falsely made,* because, though properly executed by the defendant, they contained false information within. That is, the defendant falsely claimed ownership of a certain asset listed in his affidavit of surety.

This case is controlled by the Fourth Circuit's decision in *Greathouse v. United States,* 170 F.2d 512 (4th Cir.1948). In an opinion by Judge Soper, the *Greathouse*

court construed language that is *in haec verba* as the relevant language of section 494. The court held that the words "falsely made, forged, altered, or counterfeited," under the rubric of *ejusdem generis,* are "usually employed to denounce the crime of forgery." 170 F.2d at 514. The court went on to hold that the words "falsely made" and "forged" are substantially synonymous. *Id.* Thus, the court in *Greathouse* reversed the conviction of one who transported in interstate commerce certain of his own bad checks. The court held that the checks, although drawn on an account with no funds, were not forged, but were genuine, though worthless (and, in that sense, falsely made), issuances of the defendant. In short, the court held there is no offense stated under the pertinent statutory language "[w]hen the writing is not passed off as the writing of another...." *Id.*

Although *Greathouse* is a decision of considerable vintage, it is binding Fourth Circuit precedent, uncontroverted by persuasive authority from the Fourth Circuit or any other circuit reaching a contrary construction of the statutory language. (The pertinent language construed in *Greathouse,* appearing in 18 U.S.C. § 2314 (3d para.), is the same as that of § 494.) Consequently, counts one through four of this indictment are fatally flawed and must be dismissed. Although *United States v. Gowdy,* 37 Fed. 332 (E.D.S.C.1889), reaches a contrary result, the Fourth Circuit's decision in *Greathouse* controls over *Gowdy.*

■ Count five charges the defendant with violation of 18 U.S.C. § 1505 (1982), in that he obstructed the investigation of his criminal conduct which was then being conducted by the office of the United States Attorney for the District of Maryland, by submitting a document falsely purporting to substantiate the false information in his surety's affidavit. The Court is of the opinion that no offense punishable under 18 U.S.C. § 1505 is stated by count five. The only reported authority pertinent to this question holds that a false statement made to a purely investigative agency, such as the F.B.I., is not within the scope

of § 1505. *United States v. Higgins*, 511 F.Supp. 453 (W.D.Ky.1981). The *ratio decidendi* of *Higgins* is that the agency to which the false information is submitted must be one with rule-making or adjudicative authority, before a § 1505 offense can occur. As long as the agency has such power, it is immaterial that the obstruction occurred in the course of an investigation, rather than during an adjudicative or rule-making proceeding. *United States v. Persico*, 520 F.Supp. 96, 101 (E.D.N.Y.1981) (I.R.S. criminal investigation). The office of the United States Attorney for the District of Maryland does not, to this Court's knowledge, have either rule-making or adjudicative authority. The duties of each United States Attorney, which are stated fully in 28 U.S.C. § 547 (1982), do not include any such authority.

For the reasons stated, an order will be entered separately, dismissing the indictment in this case.

### ORDER

For the reasons stated in the foregoing Memorandum, IT IS, this 31st day of January, 1989, by the United States District Court for the District of Maryland, ORDERED:

1. That the Defendant's Motion to Dismiss the Indictment, BE and the same hereby IS, GRANTED.

2. That the indictment in this case, BE and the same hereby IS, DISMISSED.

3. That the Clerk of Court mail a copy of this Order and the foregoing Memorandum to counsel for the parties.