875 F.2d 316
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Sallie B. COLEMAN, Defendant-Appellant,
 No. 88-5548.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 11, 1988.
Decided May 11, 1989.
 
 Judson Waverly Collier, Jr. (Hooker, Collier & Bates on brief) for appellant.
 David T. Maguire, Assistant United States Attorney (Henry E. Hudson, United States Attorney, on brief) for appellee.
 Before DONALD RUSSELL and WILKINSON, Circuit Judges, and TERRENCE WILLIAM BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant, Sallie B. Coleman, was convicted of one count of obstructing an agency investigation in violation of 18 U.S.C. Sec. 1505, one count of obstructing a grand jury investigation in violation of 18 U.S.C. Sec. 1503, and one count of making a false statement to an agency of the United States in violation of 18 U.S.C. Sec. 1001 and Sec. 1002. Appellant was sentenced to three years' probation and assessed a three thousand dollar fine. Asserting that her conviction was contrary to law and evidence, appellant now seeks review by this court. We affirm in part and reverse in part.
 
 I.
 
 2
 Appellant was the executive secretary and treasurer of Daugherty & Edmonds, Inc. ("D & E"), a minority owned construction company located in Petersburg, Virginia. On May 5, 1982, pursuant to an agreement with the Army Corps of Engineers ("Corps"), the Small Business Administration awarded D & E a contract for window treatment and insulation at Ft. Lee, Virginia. The contract required D & E to maintain a quality control person to oversee the work of subcontractors hired under the contract.
 
 
 3
 As per Army regulations, D & E, as well as all subcontractors employed by D & E, submitted verified weekly payroll reports to the Corps. D & E's payroll showed that between October 1982 and July 1983, the company had paid Carol Purnell $400 per week as a quality control person. In September of 1983, while reviewing submitted weekly payrolls, a representative for the Corps noticed that for the same period, October 1982 through July 1983, Carol Purnell was listed as a full-time carpenter on the weekly payrolls of Alco, a construction company involved in several projects at Ft. Lee. In fact, Carol Purnell was an office clerk for Bayport Construction Company. Although Bayport was unrelated to D & E, both construction firms had employed Alco as a subcontractor at Ft. Lee.
 
 
 4
 The Corps then commenced an investigation in order to determine whether or not D & E had complied with the requirement that it maintain a quality control person. On September 19, 1983, in conjunction with such investigation, a meeting was held by the Corps. Among those in attendance were the appellant and Frances White, President of Alco. During the meeting, serious questions arose about the propriety of the payments made to Purnell. More specifically, it became apparent that D & E never hired Purnell and that the lump sum payment made to Purnell was tendered simply to feign compliance with the express terms of the construction contract in order to induce the Army to release payments to D & E.
 
 
 5
 After the meeting, appellant asked Purnell to write her a letter stating that D & E would pay Purnell a lump sum upon completion of the Ft. Lee contract for her services. Upon receipt of this letter, it was back-dated to September 28, 1982 and placed in Carol Purnell's employment file. A subpoena duces tecum was then issued for the file based on the Corps' investigation. Appellant promptly complied with the subpoena and tendered the Purnell employment file.
 
 
 6
 The government contends that the purpose in back-dating the letter was to obstruct justice by fraudulently legitimizing D & E's payments to Purnell. At trial, testifying under immunity from prosecution, Carol Purnell stated that she was not even aware that she was to be paid by D & E until after the September 19, 1983 meeting. During her direct examination, appellant admitted that she participated in the creation and back-dating of the Purnell letter, but asserted that she did not intend to deceive anyone. Rather, appellant contends, she did so simply to correct the record with regard to the payment scheme arranged between D & E and Purnell.
 
 
 7
 Appellant was convicted on the facts above stated. She now asserts three bases for reversal: (1) her conviction for obstruction of justice under 18 U.S.C. Sec. 1505 is contrary to the law and evidence as there was no showing of intent on the part of the appellant to obstruct the investigation of an agency of the United States; (2) her conviction for obstruction of justice under 18 U.S.C. Sec. 1503 is against the weight of the evidence as she willingly complied with the terms of the grand jury subpoena and had no intent to obstruct the investigation of the grand jury; and (3) it was error for the district court to take from the jury the issue of materiality of the allegedly fraudulent statements made by appellant in violation of 18 U.S.C. Sec. 1001 and 18 U.S.C. Sec. 1002.
 
 II.
 
 8
 18 U.S.C. Sec. 1505 serves the same function in the administrative field that 18 U.S.C. Sec. 1503 serves in the judicial field. Taran v. United States, 266 F.2d 561 (8th Cir.1959). 18 U.S.C. Sec. 1505 provides in relevant part:
 
 
 9
 Sec. 1505. Obstruction of proceedings before departments, agencies, and committees.
 
 
 10
 Whoever ... influences, obstructs, or impedes or endeavors to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States shall be [guilty of an offense].
 
 
 11
 With respect to obstruction of justice in the judicial arena, 18 U.S.C. Sec. 1503 provides in relevant part:
 
 
 12
 Sec. 1503. Influencing or injuring officer or juror generally.
 
 
 13
 Whoever ... corruptly ... influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be [guilty of an offense].
 
 
 14
 In order to establish a prima facie case for obstruction of justice under either of these statutes, the government must show that a defendant knowingly and corruptly endeavored to influence or impede the due administration of justice. United States v. Silverman, 745 F.2d 1386 (11th Cir.1984). The knowledge requirement is satisfied when the defendant "intentionally undertakes an act or attempts to effectuate an arrangement, the reasonably foreseeable consequence of which is to obstruct justice." United States v. Neiswender, 590 F.2d 1269, 1274 (4th Cir.1979). Such a result is founded on "sound policy, for ... a rule focusing on foreseeable, rather than intended, consequences operates in sensible and fair fashion to deter the conduct sought to be avoided and to punish those whose actions are blameworthy, even though undertaken for purposes that may not be culpable." Id. The natural supposition is that the act of predating the letter was undertaken to mislead those who might survey the file, including the corps. Appellant's protestation that her intent was not to deceive will not suffice to avoid the principle that the "natural probable consequences of an act may satisfactorily evidence the state of mind accompanying it...." United States v. Jackson, 513 F.2d 456, 460 (D.D.C.1975); United States v. Neiswender, supra.
 
 
 15
 Appellant further contends that even if her actions are to be considered culpable under the statute, her conviction must fall because the statute also requires any alleged obstruction to occur during the pendency of a proceeding. Here, according to appellant, any act of obstruction occurred prior to the initiation of the Corps' proceeding. Such a claim is without merit. The term proceeding has been liberally construed by federal courts to include both the investigative and adjudicative stages of an agency action. See United States v. Fruchtman, 421 F.2d 1019 (6th Cir.1970). Clearly, the record shows that appellant pre-dated the letter in issue after the investigation of the Carol Purnell affair had begun. Accordingly, we find that appellant's conviction under 18 U.S.C. Sec. 1505 must stand. See United States v. Lewis, 657 F.2d 44 (4th Cir.1981).
 
 III.
 
 16
 Appellant next argues that her conviction for obstruction of a grand jury investigation under 18 U.S.C. Sec. 1503 must fall. We agree. After completion of the administrative investigation, a grand jury issued a subpoena duces tecum for the file kept by appellant relating to the employment of Carol Purnell. Appellant promptly and completely complied with the terms of the subpoena. Appellant made no alteration of any document contained in that file after the grand jury commenced its investigation. The file tampering for which appellant was convicted under 18 U.S.C. Sec. 1503 had already been completed.
 
 
 17
 At oral argument the Government took the position that a conviction under Section 1505 is proper here because appellant was put on notice that a grand jury investigation was likely to result from the findings of the administrative panel. Such an argument must fail. Were we today to sanction such an approach, the result would be to discourage litigants from tendering subpoenaed documents and would naturally cause a chilling effect on the swift and complete compliance with grand jury subpoenas. We do not believe that in pursuing this conviction the government intended such a result. Nor would such a result be proper.[1]
 
 
 18
 The position taken by the government would result in an automatic conviction under 18 U.S.C. Sec. 1503 if a party was found to have violated 18 U.S.C. Sec. 1505. There is no evidence in the statute that Congress intended such a result. Here, appellant did little more than comply with the subpoena. Any act of illegality on the part of the appellant had long been completed. We are reluctant now to affirm a conviction absent a showing of a distinct culpable act on the part of the defendant. Perceiving it to be error to convict appellant of obstruction of justice under 18 U.S.C. Sec. 1503, we reverse.
 
 IV.
 
 19
 Count fifteen of the indictment against Coleman alleged that she knowingly and willfully submitted a fraudulent document to the Corps in violation of 18 U.S.C. Secs. 1001 and 1002, which provides in relevant part:
 
 
 20
 Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully ... makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be [guilty of an offense].
 
 
 21
 Coleman was convicted under this statute and now contends that the issue of materiality of the fraudulent letter was a question of fact improperly taken from the jury. The Fourth Circuit, along with the majority of federal courts, has adopted the view that in cases such as this "[m]ateriality is a question of law to be determined by the trial judge." United States v. Morris, 749 F.2d 1116, 1122 (4th Cir.1984). See also United States v. Bernard, 384 F.2d 915 (2d Cir.1967); United States v. Gerber, 760 F.2d 68, 73 (3d Cir.1985); United States v. Hausman, 711 F.2d 615 (5th Cir.1983); United States v. Clancy, 276 F.2d 617 (7th Cir.1960); United States v. Hicks, 619 F.2d 752 (8th Cir.1980); Weinstock v. United States, 231 F.2d 699 (D.C.Cir.1956); Contra United States v. Irwin, 654 F.2d 671, 677 n. 8 (10th Cir.1981); United States v. Valdez, 594 F.2d 725, 729 (9th Cir.1979). We need look no further than the plain language of Morris and aligned cases to find that appellants' contention here is without merit, and that her conviction must stand.
 
 V.
 
 22
 For the reasons above-stated, the judgment of conviction of the appellant is affirmed in part, reversed in part and remanded for amendment consistent with this opinion.
 
 
 23
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED WITH INSTRUCTIONS.
 
 
 
 [1]
 This is especially true in light of the fact that the custodian of subpoenaed records cannot avoid production by invoking the protections of the Fifth Amendment, when it is that very custodian who has in fact altered the documents sought by the subpoena. United States v. Lang, 792 F.2d 1235, 1240 (4th Cir.1985)