**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 94-7342

ALVIN S. JACK,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
John R. Hargrove, Senior District Judge.
(CR-91-226-HAR, CA-94-1750-HAR)

Submitted: January 23, 1996

Decided: March 11, 1996

Before HALL and NIEMEYER, Circuit Judges, and CHAPMAN,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alvin S. Jack, Appellant Pro Se. Richard Douglas Bennett, OFFICE
OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant appeals from the district court's order denying his 28 U.S.C. § 2255 (1988) motion. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm. Although the district court reached the correct result, we deem it appropriate to set forth briefly the reasons supporting the denial of the motion.

In his § 2255 motion, Jack attempts to reargue several issues resolved in his initial appeal. These claims cannot be the basis for his collateral attack. Boeckenhaupt v. United States , 537 F.2d 1182, 1183 (4th Cir.), cert. denied, 429 U.S. 863 (1976). Each of Jack's several statutory claims are non-constitutional in nature and are therefore inappropriate for collateral proceedings. Stone v. Powell, 428 U.S. 465, 477 n.10 (1976); United States v. Emanuel , 869 F.2d 795, 796 (4th Cir. 1989). Similarly, Jack's challenge to the district court's technical application of the sentencing guidelines does not give rise to a constitutional claim. See United States v. Marin , 961 F.2d 493, 496 (4th Cir. 1992). Jack's complaint regarding the Government's choice of statutes to include in the indictment is meritless. "When the same conduct violates overlapping statutes, the prosecutor can elect to charge the defendant under either." United States v. Brewer, 528 F.2d 492, 498 (4th Cir. 1975); see United States v. Lewis, 657 F.2d 44, 45 (4th Cir.), cert. denied, 454 U.S. 1086 (1981). Jack's claim that the search warrant was invalid is waived based on his failure to show cause for and prejudice resulting from his failure to object to the warrant prior to trial. Davis v. United States, 411 U.S. 233, 241-44 (1973); United States v. Schmidt, 935 F.2d 1440, 1450 (4th Cir. 1991); see Fed. R. Crim. P. 12(b). Finally, we conclude that Jack has failed to bear his burden of proving that any of defense counsel's alleged errors were prejudicial. Strickland v. Washington, 466 U.S. 668 (1984); see Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984).

We grant Jack's motion to file his pro se formal brief and deny his motion for sanctions against the Appellee. We dispense with oral argument because the facts and legal contentions are adequately pres-

2

ented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3