# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2451

_____

United States of America,

        Appellee,

v.

Khnum Haim Hayes,

        Appellant.

\*    Appeal from the United States
\*    District Court for the
\*    Eastern District of Missouri.

\*    [UNPUBLISHED]

_____

Submitted: July 25, 2008
Filed:  August 3, 2009

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Khnum Hayes challenges the 120-month prison sentence the district court[1] imposed after he was convicted on two counts of making false statements, in violation of 18 U.S.C. § 1001.  On appeal, Hayes argues that the district court erred in applying U.S.S.G. § 2B1.1(c)(3) (Cross References), because the conduct alleged in the indictment's counts of conviction – lying to FBI agents – did not sufficiently establish the elements of obstruction of justice under 18 U.S.C. § 1505 (providing criminal punishment for person who corruptly obstructs or endeavors to obstruct "due and

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

proper administration of the law under which any pending proceeding is being had before any department or agency of the United States"). *See United States v. Bah*, 439 F.3d 423, 427 (8th Cir. 2006) (noting that § 2B1.1(c)(3)'s cross-reference provision applies only if conduct alleged in count of indictment of which defendant is convicted establishes elements of another offense). Relying on *United States v. Higgins*, 511 F. Supp. 453, 454-56 (W.D. Ky. 1981), Hayes asserts the FBI is not an "agency" within the meaning of section 1505 because it does not have rulemaking or adjudicative authority. Hayes also argues that after *Apprendi v.New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005), sentence enhancements based on acquitted conduct should not be allowed unless those facts were proved beyond a reasonable doubt, and thus, using a preponderance of the evidence standard was improper.

We review the Cross Reference argument for plain error because Hayes did not raise the issue below. *See United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) (to preserve error for appellate review, objection must be timely and must clearly state grounds for objection; errors not properly preserved are reviewed only for plain error); *United States v. Thornberg*, 844 F.2d 573, 575 (8th Cir. 1988) (preserving issue is matter of making timely objection to trial court and clearly stating grounds for objection, so that trial court has opportunity to prevent or correct error in first instance; it is not duty of trial court to anticipate and evaluate every possible error that might be alleged, but role of counsel to bring such matters to court's attention).

Turning to the merits, we believe that the FBI is a "department or agency" within the meaning of section 1505 because it is part of the Department of Justice. *See* 28 C.F.R. § 0.1 (describing organizational structure of Justice Department). To the extent Hayes argues that an FBI investigation is not a "proceeding" within the meaning of section 1505, *see Higgins*, 511 F. Supp. at 455, we conclude any error was not plain because there is no precedent from the Supreme Court or this court directly

resolving the issue, *see United States v. Olano*, 507 U.S. 725, 734 (1993) ("plain" is synonymous with "clear" or "obvious"; at minimum, court of appeals cannot correct error under plain-error rule unless error is clear under current law); *United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir. 2006) (per curiam) (noting that when explicit language of statute or rule does not specifically resolve issue, there can be no plain error where there is no precedent from Supreme Court or appeals court directly resolving it); *see also Rice v. United States*, 356 F.2d 709, 712 (8th Cir. 1966) (Congress clearly intended to punish any obstruction of administrative process in any proceeding before governmental agency at any stage of proceedings, be it adjudicative or investigative); *cf. Pirani*, 406 F.3d at 547, 549 (where defendant was convicted of violating § 1001 for making false statements to FBI and IRS agents, and district court concluded that his conduct violated § 1505, there was no clear error in applying cross-reference provision because indictment charged defendant with making false statements during government investigation at time when defendant knew of investigation).

As for Hayes's final argument, the district court did not err by applying a preponderance standard to determine relevant conduct. *See United States v. Villareal-Amarillas*, 562 F.3d 892, 897 (8th Cir. 2009) (clear and convincing standard not required by due process).

Accordingly, we affirm.

_____