**John R. KAUFFMANN, Appellant,**

**v.**

**UNITED STATES of America,**
**Appellee.**

**Bernard J. CHUBET, Jr., Appellant,**

**v.**

**UNITED STATES of America,**
**Appellee.**

**Nos. 19203, 19232.**

United States Court of Appeals
Eighth Circuit.

Aug. 11, 1969.

Rehearing Denied in No. 19203
Sept. 30, 1969.

Rehearing Denied in No. 19202
Oct. 13, 1969.

Lawrence N. Weenick, Shepherd & Weenick, Clayton, Mo., for appellant Kauffmann.

Archibald Palmer, New York City, for appellant Chubet.

Irvin L. Ruzicka, Asst. U. S. Atty., for appellee, James E. Reeves, U. S. Atty., St. Louis, Mo., on the brief.

Before VAN OOSTERHOUT, Chief Judge and VOGEL and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

The defendants, John R. Kauffmann and Bernard J. Chubet, Jr., appeal from judgments of conviction in the United States District Court for the Eastern District of Missouri. The defendants were jointly charged with five others for the illegal possession and sale of amphetamine tablets in violation of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301 *et seq.* and with a conspiracy to violate the Act. The defendants were charged in an indictment consisting of eleven counts as follows:

| COUNT | DEFENDANTS CHARGED | AMPHETAMINE | DATE | PLACE |
|---|---|---|---|---|
| I | Kauffmann, Keith, Chang & Chubet | Conspiracy under 21 U.S.C. and 21 U.S.C. § 331(q) (2). | | § 360(a) (b) |
| II | Kauffmann, Keith, Chang & Chubet | Sale | Feb. 1, 1967 | Bridgeton, Mo. |
| III | Kauffmann, Keith, Chang & Chubet | Possession | Feb. 1, 1967 | |
| IV | Kauffmann, Keith, Chang & Chubet | Sale | Feb. 5, 1967 | Imperial, Mo. |
| V | Kauffmann, Keith, Chang & Chubet | Possession | Feb. 5, 1967 | |
| VI | Kauffmann, Keith, Chang, B. Kauffmann & Chubet | Sale | Mar. 8, 1967 | Imperial, Mo. |
| VII | Kauffmann, Keith, Chang, B. Kauffmann & Chubet | Possession | Mar. 8, 1967 | |
| VIII | Kauffmann, Keith, Chang, Geerdes & Chubet | Sale | Mar. 8, 1967 | Wentzville, Mo. |
| IX | Kauffmann, Keith, Chang, Geerdes & Chubet | Possession | Mar. 8, 1967 | |
| X | Kauffmann, Keith, Chang, Jared & Chubet | Sale | Apr. 3, 1967 | Wentzville, Mo. |
| XI | Kauffmann, Keith, Chang, Jared & Chubet | Possession | Apr. 3, 1967 | |

The defendants were found guilty as charged by a jury on each count and sentenced to one year imprisonment on each count—Counts I through V to be served concurrent with Count I; Counts VII through XI to be served concurrent with Count VI; and, Count VI to be served consecutive to Count I.

We first consider Kauffmann's contentions.

Kauffmann contends that each of his convictions should be set aside because:

(1) The trial court erred in failing to suppress, prior to trial, evidence consisting of fourteen boxes allegedly containing amphetamine tablets and in later permitting the government to make an offer of proof in the sight and hearing of the jury prior to excluding the evidence when the evidence was obtained through an illegal search and seizure;

(2) The trial court erred in failing to suppress, prior to trial, evidence consisting of two metal drums and photographs of the contents of the drums showing that the drums contained amphetamines and cement and in permitting the government to introduce the drums and photographs in evidence when the evidence was obtained through an illegal search and seizure; and

(3) The trial court erred in denying the defendant's motion for a mistrial at the close of all the evidence wherein the defendant contended that the prosecuting attorney was guilty of prejudicial misconduct in failing to call a government informer as a witness when the prosecutor in his opening argument had stated that he would.

### SEARCH AND SEIZURE

The boxes seized by the government were taken from a motel owned by Kauffmann in Imperial, Missouri, and from a store front, rented by Kauffmann and utilized as a warehouse, in House Springs, Missouri. The seizure took place on April 3, 1967, following Kauffmann's arrest.

The metal drums were seized in New York City on April 4, 1967. They had been shipped to New York City by Kauffmann for export to Taiwan on March 13, 1967. BEDAC (Bureau of Drug Abuse Control) agents were aware of this shipment. When the shipment reached New York, agents of BEDAC accompanied custom agents who opened the drums at the freight terminal on March 21, 1967.

The government contended below and here that the evidence was not obtained as the result of an illegal search and seizure. The government argues that the agents had the authority to seize the evidence under 21 U.S.C. § 372(e) (5) which authorizes agents of BEDAC to seize without warrant or libel drugs and other material if the agents have reason to believe that they are being sold in violation of the Act. Thus, the government contends that the evidence was admissible even though it was seized without a warrant and not incident to an arrest.

■ We find it unnecessary, under the concurrent sentence rule, to consider whether the evidence was improperly seized. The evidence Kauffmann complains of was completely unrelated to Counts II and VI, and these counts are not otherwise assailed on this appeal. See, Peterson v. United States, 405 F. 2d 102 (8th Cir. 1968), cert. denied, 395 U.S. 938, 89 S.Ct. 2003, 23 L.Ed.2d 453 (1969); Wangrow v. United States, 399 F.2d 106 (8th Cir.), cert denied, 393 U.S. 933, 89 S.Ct. 292, 21 L.Ed.2d 270 (1968); Barnes v. United States, 197 F.2d 271 (8th Cir. 1952). Indeed, the evidence is unrelated to any of the counts charging sale and possession.

Kauffmann admits that he made the sales and deliveries as charged in Counts II and VI at Bridgeton and Imperial, Missouri, on February 1 and March 8, 1967, respectively. Apart from his admission, the government proved the two charges conclusively. Elliott, an agent for BEDAC, testified that he purchased 50,000 tablets from Kauffmann on February 1, 1967, and that he purchased 100,000 tablets on March 8, 1967, from Kauffmann. The tablets that Elliott

purchased were introduced into evidence at trial and expert witnesses (chemists) testified that samples taken from the boxes established that the tablets purchased were amphetamines.

Kauffmann does not contend on this appeal that he was entrapped, nor does he contend that it was error to receive in evidence the tablets purchased by Agent Elliott or that this evidence was insufficient to sustain the conviction.

The evidence seized in Missouri was taken on April 3, 1967. The evidence seized in New York was taken on April 4, 1967, after the drums had been opened and inspected on March 21, 1967. Thus, in both cases, the evidence was obtained by the government between two and six weeks after the sales had been made to a government agent.

We think that it is clear from the record that the evidence seized was completely unrelated to Counts II and VI. This is not a fruit from the poisonous tree case. Cf., Williams v. United States, 382 F.2d 48 (5th Cir. 1967). We are unable to see how the defendant's conviction on Counts II and VI, indeed on any of the counts charging sale and possession, was affected by the evidence seized.

We are aware of the recent decision of the Supreme Court in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L. Ed.2d 707 (1969), which cautioned appellate courts on the use of the concurrent sentence rule. However, the Supreme Court recognized that there are circumstances when an appellate court, in the exercise of its discretion, may decline to rule on every allegation put forth by a party. Such is the case here. The danger that adverse collateral legal consequences might flow from a failure to rule on every allegation regarding these misdemeanor counts is remote. Cf. Cantrell v. United States, 413 F.2d 629 (8th Cir. July 25, 1969) (Per Curiam).

*FAILURE TO CALL A WITNESS*

We find no merit in Kauffmann's contention that the prosecuting attorney's failure to call Jerry Miller as a witness after stating that he would do so in his opening statement constituted prejudicial misconduct.

The defendant contends that the record is replete with references to Miller beginning with the first witness for the prosecution. Kauffmann contends that if Miller had been called by the government, it could have shed light on his defense of entrapment.

The controlling question is the prosecutor's good faith or lack of it in stating what he expected to prove in his opening statement and whether the statement was prejudicial to the defendant. Gladden v. Frazier, 388 F.2d 777, 779 (9th Cir. 1968).

We have carefully examined the record and do not believe that the defendant was prejudiced by the government's failure to call Miller. Miller was available to be called as an adverse witness. Miller's status as a paid informer and exconvict was fully established as was the fact that he had functioned as an informer in other cases.

We now turn to Chubet's contentions.

Chubet's assertion that he was entrapped by the government agents as a matter of law is wholly without merit.

The trial court submitted the issue of entrapment to the jury with proper instructions as to both defendants. There is a serious question as to whether the court was justified in submitting the issue as to Chubet.

While there was some evidence, *i. e.,* Kauffmann's testimony, from which a jury might find that Kauffmann was entrapped, the evidence would by no means require such a finding as to him. There was a direct conflict as to the testimony between the government agents and the defendants. The jury was free to accept the testimony of the agents. If they did so, it is clear that Kauffmann was not entrapped.

There is no evidence in the record to indicate that Chubet was entrapped. To find that Chubet was entrapped, the

jury would have had to find that Kauffmann was entrapped and that his entrapment necessarily resulted in Chubet suffering the same fate. When the defense of entrapment fell as to Kauffmann, it necessarily collapsed as to Chubet. *Cf.,* People v. Ficke, 343 Ill. 367, 175 N.E. 543 (1931).

Chubet, at trial, denied all participation in the illegal dealings. While there is some authority for the proposition that a defendant must admit guilt to raise the defense of entrapment, we need not decide that issue. See, Kibby v. United States, 372 F.2d 598 (8th Cir. 1967).

Chubet also contended that the government's failure to call Miller was prejudicial. We reject this argument for the same reasons that we rejected it in Kauffmann's case.

The convictions in both cases are affirmed.