**Walter J. ENTREKIN, Jr., Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**Nos. 74-1574 and 74-1575.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 18, 1974.

Decided Dec. 16, 1974.

Rehearing and Rehearing En Banc Denied Jan. 20, 1975.

Walter J. Entrekin, Jr., filed typewritten briefs pro se.

Harold O. Bullis, U. S. Atty., and Gary Annear, Asst. U. S. Atty., Fargo, N. D., filed brief for appellee.

Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

GIBSON, Chief Judge.

Walter Entrekin, Jr. appeals the District Court's[1] denial without a hearing of his 28 U.S.C. § 2255 motions to vacate sentences imposed upon convictions for violation of 18 U.S.C. § 876 (extortion) and 18 U.S.C. § 2312 (Dyer Act). For the reasons hereafter expressed, we affirm the denial of § 2255 relief.

Conviction on the extortion charge was by a jury, a sentence of 15 years imprisonment was imposed, and the judgment was affirmed on direct appeal. United States v. Entrekin, 450 F.2d 1102 (8th Cir. 1971). Entrekin presented eight allegations to the trial court which he asserts justify § 2255 relief on this conviction.

First, he claims that he should have been charged with a violation of 18 U.S.C. § 875(b) (transmitting in interstate commerce any threatening communication) instead of § 876. His actions could have been considered a violation of either section and the United States is not required to offer a choice of charges to a defendant. Further, the sufficiency of the information is not subject to collateral attack when it does charge a violation of federal law and the sentencing court had jurisdiction. Houser v. United

1. The Honorable Ronald N. Davies, United States Senior District Judge, District of North Dakota.

States, 508 F.2d 509 at 514 n. 20 (8th Cir. 1974).

He challenges venue in the trial court, asserting that pursuant to 18 U.S.C. § 3239 he was entitled to be tried in the district in which the threatening letter was mailed. Venue is not subject to collateral attack under § 2255. *See* Houser v. United States, *supra* at 515 n. 24. Moreover, no motion as required by 18 U.S.C. § 3239 was filed and venue was therefore properly in the District of North Dakota.

He challenges the failure of the trial court to sequester witnesses, the admission of evidence of other crimes, and the use of his prior felony convictions for impeachment. The trial court properly found that these claims were matters of trial error required to be challenged upon direct appeal. Houser v. United States, *supra* at 513 n. 4.

His claim of inadequate representation by counsel fails to establish a basis for collateral attack. More than a disagreement with tactical decisions of trial counsel must be shown. Houser v. United States, *supra* at 516 n. 46. *Cf.* United States v. Hager, 505 F.2d 737 (8th Cir. 1974). His claim of a more severe sentence than that received by his wife, a co-defendant, is not cognizable under § 2255. Houser v. United States, *supra,* 508 F.2d at 516 n. 52.

Lastly, he claims he was deprived of a fair trial because of prejudicial pretrial publicity. After Entrekin's arrest the Grand Forks Herald carried a front page story complete with pictures and the details of the extortion plan. The matter received radio and television news coverage and was the subject of an editorial several days after the arrest which congratulated the police on their fine work in aborting the scheme. This hardly amounted to coverage which permeated the entire area. We have carefully considered the record of the voir dire and are satisfied that a fair and impartial jury was impaneled. The trial court recognized the possibility of prejudice and carefully screened prospective jurors to obtain an impartial venire. There is no basis for § 2255 relief on this claim.

Entrekin pled guilty to a Dyer Act charge and received a five year sentence of imprisonment concurrent with his 15 year sentence on the extortion conviction. His § 2255 motion sets forth four claims which he asserts justify relief. It appears to be an exercise in futility and a waste of judicial resources to consider this collateral attack on a concurrent sentence after denying relief on the first sentence. Our policy on direct appeals is not to indulge in a meaningless discourse on appeals when concurrent sentences were imposed. *See, e. g.*, United States v. Morton, 483 F.2d 573, 576 (8th Cir. 1973); Kauffmann v. United States, 414 F.2d 1022, 1024 (8th Cir. 1969). And, as noted in Benton v. Maryland, 395 U.S. 784, 793 n. 11, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969):

> A stronger case for total abolition of the concurrent sentence doctrine may well be made in cases on direct appeal, as compared to convictions attacked collaterally by suits for post-conviction relief.

However, since the District Court considered appellant's contentions respecting the Dyer Act charge, we will proceed to consider them in this opinion. In the future, absent direction from the United States Supreme Court, we do not propose to consider collateral challenges to concurrent sentences that do not affect the length of the sentence to be served.

First, petitioner challenges the lack of a preliminary hearing. This claim is not cognizable under § 2255. Houser v. United States, *supra*, 508 F.2d at 514 n. 13. He claims that court records are falsified and erroneous because, among other allegations, he never executed a waiver of indictment. The District Court found this contention to be

frivolous. We agree. A signed waiver of indictment is in the record. Entrekin's self-serving lapse of memory affords no basis to attack his conviction.

Lastly, he claims the court failed to comply with Rule 11, Fed.R.Crim.P. in accepting his guilty plea and that his plea was involuntary. The record belies both contentions. There was full compliance with Rule 11 in accepting his plea and the transcript of the guilty plea proceedings establishes beyond any doubt the voluntariness of the plea.

The judgment of the District Court denying § 2255 relief on both convictions is affirmed.