UNITED STATES of America,
Appellee,

v.

Herbert David NEFF, Appellant.

No. 75–1451.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 6, 1975.

Decided Nov. 10, 1975.

**362**

Herbert David Neff, Ind., filed appellant's brief pro se.

John R. Birkby, Sp. Atty., U. S. Dept. of Justice and Donald J. Stohr, U. S. Atty., St. Louis, Mo., filed brief for appellee.

Before LAY, STEPHENSON and WEBSTER, Circuit Judges.

STEPHENSON, Circuit Judge.

Appellant Herbert Neff's "§ 2241 habeas corpus petition" [1] was denied by the district court [2] without a hearing. The primary issue on appeal is whether he was denied effective assistance of counsel by virtue of the fact that his attorney did not pursue a direct appeal of Neff's conviction to this court. We affirm.

Neff was convicted, after a jury trial, on a five-count indictment for firearms violation. Count I alleged that Neff and one Daniel Murphy engaged in the business of dealing in firearms and ammunition without a license, in violation of 18 U.S.C. §§ 922(a)(1) and 924(a). Counts II and IV charged Neff with possession of two unregistered weapons, in violation of 26 U.S.C. §§ 5861(d) and 5871. Counts III and V charged him with transferring these weapons, in violation of §§ 5861(e) and 5871. Neff was convicted on all five counts and sentenced to five concurrent five-year sentences.

Neff's counsel advised him that he had no grounds for appeal, and he took none. Neff later filed this habeas corpus petition. He argues in effect that his attorney's advice that he not appeal denied him the effective assistance of counsel. He argues also that the trial court erred: in permitting the indictment to stand although it was based on hearsay; in improperly amending the indictment; in allowing the jury to see evidence not specified in the indictment; in denying him a preliminary hearing; in denying pretrial discovery; and in trying him on a forged indictment.

We initially consider appellant's contention that his counsel erred in advising him that he had no grounds for appeal and that he relied on this advice to his detriment by failing to appeal. [3]

---

1. Neff is in a federal prison in Indiana. He is complaining of a conviction entered in the Eastern District of Missouri and filed this action in that district. His petition is thus in substance a § 2255 motion, although it is styled a "§ 2241 habeas corpus petition."

2. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

3. It is not clear what relief appellant is seeking. The usual course when the right to appeal is denied is to start anew the running of the time for filing notice of appeal. *See Atilus v. United States*, 406 F.2d 694, 698 (5th Cir. 1969).

■ If an attorney does not carry out his client's express instructions to appeal or fails to see that his client is informed of his right to appeal, the client is denied the effective assistance of counsel. *Blanchard v. Brewer,* 429 F.2d 89 (8th Cir. 1970); *Williams v. United States,* 402 F.2d 548 (8th Cir. 1968); *see also Powers v. United States,* 446 F.2d 22 (5th Cir. 1971). Counsel should also " * * * give the defendant his professional judgment as to whether there are meritorious grounds for an appeal and as to the probable results of an appeal. * * * The decision whether to appeal must be the defendant's own choice." *See American Bar Association Project on Standards for Criminal Justice, Standards Relating to The Prosecution Function and The Defense Function,* § 8.2 (Tentative Draft 1970).

Appellant does not state what grounds were available for an appeal.[4] Presumably, the other grounds raised in this action are those which appellant maintains would have been presented on appeal had he been properly advised. In discussing those grounds then, we will consider not only whether they are cognizable and valid in a habeas corpus proceeding but also whether they might have succeeded on direct appeal.

■ Appellant first maintains that hearsay testimony was presented to the grand jury which indicted him. This charge of irregularity in grand jury proceedings is not cognizable in a habeas corpus proceeding. *Sunal v. Large,* 332 U.S. 174, 179, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947); *Houser v. United States,* 508 F.2d 509, 514 (8th Cir. 1974).

■ Even if this claim had been raised on direct appeal, it would have failed. An indictment based entirely on hearsay is valid, absent factors not shown here. *Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956).

Appellant next contends that the trial court erred in amending the indictment by changing the serial number of one weapon and adding another weapon. Apparently, these amendments were made to Count I of the indictment.[5]

■ Any amendment of the substance of an indictment without resubmission to the grand jury denies a defendant his right to indictment by grand jury for infamous crimes. *Russell v. United States,* 369 U.S. 749, 770, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); *Stirone v. United States,* 361 U.S. 212, 215–16, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); *Ex parte Bain,* 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887).

■ However, the change of a weapon's serial number in this indictment does not require dismissal. Correction of a typographical error which goes to the form rather than the substance of the indictment is permissible. *Stewart v. United States,* 395 F.2d 484 (8th Cir. 1968) (change in date of offense). *See United States v. Fruchtman,* 421 F.2d 1019 (6th Cir. 1970) (change in citation of statute); *United States v. Denny,* 165 F.2d 668 (7th Cir. 1947) (change in spelling of defendant's name); *but see Carney v. United States,* 163 F.2d 784, 788–90 (9th Cir. 1947).

■ In addition, the amendment to the indictment could affect only the count amended; the other counts will remain valid regardless of whether the first is dismissed. *Carney v. United States,* 163 F.2d 784, 789 (9th Cir. 1947); *Dodge v. United States,* 258 F. 300 (2d Cir. 1919). Concurrent sentences were imposed on all five counts. It is the policy of this court that when a habeas petitioner serving concurrent sentences on multiple counts can challenge only one count, the challenge will not be considered absent a showing of prejudice. *Entrekin v. United States,* 508 F.2d 1328 (8th Cir. 1974). *See Benton v. Maryland,*

---

4. No trial transcript has been filed in this case, and there is no indication that one was ever prepared.

5. According to the trial court's order, the weapon was added to "the list of those which Neff allegedly sold to Watkins." Count I is the only count containing such a list.

395 U.S. 784, 793 n. 11, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Thus, appellant is not entitled to habeas relief on this basis.

By virtue of similar reasoning, ineffective assistance of counsel cannot be presumed from the failure to advise that an appeal be taken on this issue. This court might well have chosen to apply the concurrent sentence doctrine and not consider the argument. *See United States v. Morton,* 483 F.2d 573, 576 (8th Cir. 1973); *Tarvestad v. United States,* 418 F.2d 1043, 1046 (8th Cir. 1969), *cert. denied,* 397 U.S. 935, 90 S.Ct. 944, 25 L.Ed.2d 116 (1970); *Kauffman v. United States,* 414 F.2d 1022, 1024–25 (8th Cir. 1969).

■■■ Appellant next maintains that ammunition which was not "listed on the indictment" was displayed in front of the jury. Alleged errors concerning the admissibility of evidence are not cognizable upon collateral attack. *Houser v. United States, supra,* 508 F.2d at 515; *Glouser v. United States,* 296 F.2d 853, 856 (8th Cir. 1961), *cert. denied,* 369 U.S. 825, 82 S.Ct. 840, 7 L.Ed.2d 789 (1962). The error, if any existed, might have been raised on direct appeal. However, in his habeas corpus petition, appellant did not identify the evidence that was "not on the indictment." The district court denied relief for this reason. We agree.

■■■ Appellant further alleges that he was improperly denied a preliminary hearing. This contention is not cognizable in habeas corpus. *Houser v. United States, supra,* 508 F.2d at 514. There is no constitutional right to a preliminary hearing. *See Austin v. United States,* 408 F.2d 808, 810 (9th Cir. 1969). In any event, the requirement of a preliminary hearing was mooted by the return of an indictment. *United States v. Stith,* 479 F.2d 315 (8th Cir.), *cert. denied,* 414 U.S. 845, 94 S.Ct. 107, 38 L.Ed.2d 83 (1973).

Appellant next contends that he was denied essential pretrial discovery. The district court denied this contention because petitioner failed to specify the evidence allegedly offered at trial, of which he was denied pretrial discovery. We affirm that denial.

■■■ Appellant finally asserts that the signature of James Birkby, attorney for the government who signed the indictment, was forged, thus rendering the indictment invalid. Birkby filed an affidavit in the district court stating that the signature on the indictment was his, and the district court found it to be so. Appellant has shown no reason to reverse the district court's finding.

Appellant has shown no ground requiring collateral relief.

Affirmed.

LAY, Circuit Judge (concurring).

I concur in Judge Stephenson's well written opinion, however, I would not endorse the language concerning the applicability of the concurrent sentence rule if this case were presented to us on direct appeal. In *Entrekin v. United States,* 508 F.2d 1328, 1330 (8th Cir. 1974), a postconviction case, we stated:

In the future, absent direction from the United States Supreme Court, we do not propose to consider collateral challenges to concurrent sentences that do not affect the length of the sentence to be served.

This statement was limited to a collateral attack on a concurrent sentence, and as we indicated by prefacing that language with a short statement from *Benton v. Maryland,* 395 U.S. 784, 793 n. 11, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969):

A stronger case for total abolition of the concurrent sentence doctrine may well be made in cases on direct appeal, as compared to convictions attacked collaterally by suits for post-conviction relief.

In *United States v. Belt,* 516 F.2d 873, 876 (8th Cir. 1975) a direct appeal, we commented: "We seriously question the efficacy of the concurrent sentence rule where the crimes charged in the various counts are serious and differing in substance." We relied upon the following language from *United States v. Tanner,* 471 F.2d 128 (7th Cir.), *cert. denied,* 409 U.S. 949, 93 S.Ct. 269, 34 L.Ed.2d 220 (1972):

> [T]he Supreme Court's decision in *Benton v. Maryland,* 395 U.S. 784 [791, 89 S.Ct. 2056, 23 L.Ed.2d 707] (1969), constitutes a reevaluation of the "concurrent sentencing doctrine." *Benton* holds that there is no jurisdictional bar (stemming from the requirement of justiciability) to a consideration of all counts under concurrent sentences. The Court points out that an unreviewed count could increase an appellant's future sentencing under an habitual offender statute, or adversely affect his chances for parole, or be used to impeach his testimony at a future trial. *Benton* suggests that review is desirable where adverse collateral consequences of this nature may flow from conviction. *See Davie v. United States,* 447 F.2d 480 (7th Cir. 1971); *United States v. Febre,* 425 F.2d 107 (2d Cir. 1970), cert. denied, 400 U.S. 849 [91 S.Ct. 40, 27 L.Ed.2d 87] (1971). Since we cannot say that there is no possibility of undesirable collateral consequences attendant upon these convictions, we choose to consider the validity of all the challenged counts.

471 F.2d at 140.