**UNITED STATES of America, Appellee,**

v.

**Joseph HERNDON, Appellant.**

**No. 82–1640.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 18, 1982.

Decided Nov. 22, 1982.

Rehearing Denied Dec. 14, 1982.

Ann Lemp, Wolff & Frankel, Clayton, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., James E. Crowe, Jr., Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Joseph Herndon was indicted by a grand jury on conspiracy to make counterfeit money, 18 U.S.C. §§ 371, 471, and was found guilty by a jury. Appellant was sentenced to two years imprisonment. He appeals the conviction, arguing (1) the indictment should be dismissed and (2) the district court[1] erred in refusing to give a requested instruction. We affirm.

Herndon first argues that there is a "complete absence of competent evidence to support an indictment" and argues that this requires its dismissal.[2] This argument is

1. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

2. The primary evidence presented to the grand jury was the testimony of FBI agent William Noonan concerning his investigation and cover-

without merit. Even assuming that only hearsay was presented to the grand jury, the indictment is valid. *Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); *United States v. Neff,* 525 F.2d 361, 363 (8th Cir.1975). In *Costello,* the Supreme Court expressly held that an indictment based solely on the testimony of three government agents concerning events which they investigated but of which they had no personal knowledge was adequate. 350 U.S. at 359; *see United States v. Boykin,* 679 F.2d 1240 (8th Cir.1982).

Nor has Herndon made a showing of prosecutorial misconduct. *See United States v. Samango,* 607 F.2d 877, 881 (9th Cir.1979). Herndon's claim that the assistant United States Attorney failed to inform the grand jury that one of the witnesses against Herndon was a heroin addict, even if factually supported, does not provide a basis for an attack on an indictment. *United States v. Boykin,* 679 F.2d at 1249.

■ Herndon requested that the following jury instruction be given:

> The testimony of a co-conspirator who provides evidence against a defendant for immunity from punishment for other crimes, or for personal advantage must be examined and weighed by the jury with greater care than the testimony of an ordinary witness. The jury must determine whether the co-conspirator testimony has been affected by interest, or by prejudice against defendant.

The district court refused to give the requested instruction, but did give the following instruction requested by the government:

> The testimony of a co-conspirator who provides evidence against a defendant for personal advantage must be examined and weighed by the jury with greater care than the testimony of an ordinary witness. The jury must determine

whether the testimony by such a co-conspirator has been affected by interest, or by prejudice against defendant.

The only difference between the two instructions is the inclusion in the defense version of a cautionary statement regarding testimony of a co-conspirator who provides testimony in exchange for immunity from punishment for other crimes.

The key witness against Herndon was his co-conspirator and brother-in-law, Clyde Dickerson. Dickerson testified that he and Herndon agreed to print counterfeit bills on a printing press in Herndon's basement and to distribute those bills. Dickerson testified that he had pled guilty to one count of conspiracy and one count of passing counterfeit money and that the government informally agreed to drop other charges in exchange for his truthful testimony against Herndon. Dickerson was cross-examined about this agreement. In addition to the instruction above, the district court gave a general credibility instruction, 1 E. Devitt & C. Blackmar, Federal Jury Practice & Instructions § 17.01 (3d ed. 1977), an instruction regarding prior inconsistent statements, *id.* § 17.08, and an instruction cautioning the jury to weigh the testimony of co-conspirators with great care, *id.* § 17.06.

This is not a case in which the district court refused to give any cautionary instruction on witness credibility. *Cf. People v. Dela Rosa,* 644 F.2d 1257 (9th Cir.1980) (per curiam) (refusal to give requested informant and other instructions held reversible error). In the present case the credibility of witnesses was a focal point of the instructions. Considering the instructions as a whole, *United States v. Shigemura,* 682 F.2d 699, 704 (8th Cir.1982), we find that Herndon's interests were adequately protected. *United States v. Riddick,* 519 F.2d 645, 648 (8th Cir.1975), *cert. denied,* 425 U.S. 960, 96 S.Ct. 1742, 48 L.Ed.2d 205 (1976).[3]

ing statements made by witnesses who did not appear before the grand jury.

3. In *Riddick,* the defendants were charged with conspiracy to misapply funds. A co-conspirator, Mays, testified against the defendants;

Mays further testified that in exchange for his testimony, the prosecutor agreed informally to drop 15 of 16 charges and that he (Mays) pled guilty to the one remaining charge. The trial court gave an "accomplice" instruction advising the jury to consider the testimony of ac-

Accordingly, the judgment of the district court is affirmed.

complices "with close and searching scrutiny and caution." 519 F.2d at 648 n. 1. On appeal, the defendants argued that the trial court's failure to (1) give a separate instruction pointing out the unreliability of an informant's testimony and (2) specifically instruct the jury that Mays had received immunity was reversible error. This court disagreed, noting that the instructions given and the extensive cross-examination of Mays about his "immunity" protected the defendants' rights. *Id.* at 648.