996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William Joseph "Liam" HUTCHINSON, Defendant-Appellant.
 No. 93-1054.
 United States Court of Appeals, Tenth Circuit.
 June 25, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Hutchinson, a federal inmate and pro se litigant, appeals the denial of his motion requesting a new trial based upon newly discovered evidence. We exercise jurisdiction and affirm.
 
 
 3
 In 1990, Mr. Hutchinson was convicted of two counts of securities fraud and thirteen counts of mail fraud and was sentenced to two consecutive five-year terms. Mr. Hutchinson filed a direct appeal (No. 90-1382) and subsequently voluntarily withdrew it. Mr. Hutchinson then filed an unsuccessful motion to reduce his sentence. We affirmed the denial of this motion in No. 92-1041. Mr. Hutchinson then filed under 28 U.S.C. § 2255, which was denied by the district court and affirmed by this court in No. 92-1268.
 
 
 4
 We now come to the present appeal. Mr. Hutchinson filed a motion for a new trial based upon allegedly newly discovered evidence. A letter to Mr. Hutchinson from Mr. O'Donnell, Mr. Hutchinson's prior attorney, had been stolen from Mr. O'Donnell's office and was used as a basis for cross-examination of Mr. O'Donnell as he testified for the defendant. The newly discovered evidence is that Mr. Hutchinson now knows the identity of the person who allegedly stole the letter. Mr. Hutchinson admits he waived the attorney-client privilege during the trial but asserts he was "sandbagged" into doing so as he was unaware of the existence of the letter. The district court denied the motion with a minute order and this court is therefore deprived of the trial court's reasoning.
 
 
 5
 We review the district court's denial of a motion for a new trial for an abuse of discretion. United States v. Thompson, 908 F.2d 648, 650 (10th Cir.1990). The pertinent portions of the transcript from the original trial reveal the letter was produced and utilized by the government during the cross-examination of Mr. O'Donnell. The record reflects that appellant knowingly waived his attorney-client privilege when he called Mr. O'Donnell to the stand. The transcript shows Mr. Hutchinson actively contested the use of the letter during the course of the original trial. The letter was never itself admitted into evidence but merely provided ample material for cross-examination purposes. In essence, Mr. Hutchinson argues that if he had known the government had substantive inculpatory evidence against him, he would never have put his attorney on the stand. This argument was fleshed out during the course of the trial. Therefore, appellant has produced no relevant newly discovered evidence and his appeal lacks merit.
 
 
 6
 Moreover, the law is clearly established that a defendant cannot raise by collateral attack a nonconstitutional issue that could have been raised on appeal. United States v. Gattas, 862 F.2d 1432, 1435 (10th Cir.1988). This claim could have been raised on direct appeal and was not.
 
 
 7
 We also note Mr. Hutchinson has failed to show both cause and prejudice. Mr. Hutchinson has only made conclusory allegations. He has not made any specific allegations demonstrating how the use of the allegedly stolen letter prejudiced him, nor does he offer any specific showing how the identity of the person who allegedly "stole" the letter is in any way relevant to his defense.
 
 
 8
 The issue attempted to be raised is an evidentiary and procedural ruling made during the course of the original trial. This is Mr. Hutchinson's fourth appeal relating to his conviction. All litigation must eventually come to an end. In Mr. Hutchinson's situation we have reached that end.
 
 
 9
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3