21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William Joseph HUTCHINSON, Defendant-Appellant.
 No. 94-1008.
 United States Court of Appeals, Tenth Circuit.
 April 11, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. We deny the motion for oral argument, and order the case submitted without oral argument.
 
 
 2
 William Joseph (Liam) Hutchinson, a federal inmate, appeals pro se the denial of his second 28 U.S.C. 2255 motion. Defendant was convicted in 1990 of two counts of securities fraud and thirteen counts of mail fraud in connection with cattle industry investment schemes. He was sentenced to two consecutive five-year terms. Defendant filed a direct appeal from that conviction, United States v. Hutchinson, No. 90-1382, but voluntarily withdrew it. He then filed a motion pursuant to Fed.R.Crim.P. 35 to reduce his sentence, the denial of which we affirmed in United States v. Hutchinson, No. 92-1041 (10th Cir. Aug. 17, 1992). Defendant next filed a 28 U.S.C. 2255 motion, the denial of which we affirmed in United States v. Hutchinson, No. 92-1268 (10th Cir. April21, 1993). Defendant then filed a motion for a new trial alleging newly discovered evidence, and we upheld the district court's denial of that motion in United States v. Hutchinson, 996 F.2d 312 (10th Cir. June 25, 1993).
 
 
 3
 Defendant now appeals the denial of his second 2255 motion, asserting that (1)he provided substantial assistance to the government in obtaining a guilty plea from codefendant Robert Steele; (2)defendant's ten-year sentence was unconstitutionally disparate from the five-year sentence given to Steele, whom defendant asserts is more culpable than defendant; and (3)the district court should correct the presentence report (PSR) to reflect that he was less culpable than Steele and to include the alleged new information that defendant substantially cooperated with the government.[2]
 
 
 4
 We examine this federal habeas petition under the rules governing petitions filed under 28 U.S.C. 2255. Rule 9(b) reads as follows:
 
 
 5
 Successive petitions. A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
 
 
 6
 The errors alleged in this petition were not raised in defendant's previous motions. Therefore, because the government has pleaded abuse of the writ, defendant must show cause for the omissions and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if we refuse to consider these claims. McCleskey v. Zant, 499 U.S. 467, 494-95 (1991). Pro se litigants are held to the same standard, as to successive petitions, as litigants represented by counsel. Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir.1991). To show cause, defendant must demonstrate that some objective and external factor prevented him from raising these claims earlier. McCleskey, 499 U.S. at 493.
 
 
 7
 Defendant first argues that he provided substantial assistance for which the government promised "some consideration," and that the government failed to keep this promise. He points to an unsigned letter written by an assistant United States attorney offering to state that defendant had cooperated with the government. Defendant appears to argue that he provided assistance to the government after he was sentenced which led to codefendant Steele's guilty plea, and that he now is entitled to a hearing to prove this promise and to a reduction in his sentence.
 
 
 8
 The government denies any agreement or that defendant provided helpful information. It asserts the letter defendant references was a proposal it made that it would send to the parole board in exchange for defendant dropping this fourth attack on his conviction, but that defendant refused the offer.
 
 
 9
 The record contains no letter from the government, but even if such a letter exists with the statements set forth in defendant's brief and affidavit it does not constitute an agreement or substantiate that the government breached a promise with regard to making a favorable sentencing recommendation, or that any such request to the sentencing court would have resulted in a lesser sentence. All it says is that defendant did help secure his codefendant's guilty plea and that the parole commission ought to "give due consideration to" that assistance in determining when to release defendant. Defendant's-Appellant's Reply Brief Ex. C, at 2. Defendant does not refute that this was an offer in exchange for his dropping this case which he refused.
 
 
 10
 Defendant next asserts that the ten-year sentence he received for his convictions is constitutionally disparate from the five-year sentence Steele received for his involvement in the same schemes, especially because Steele was more culpable than defendant. This claim meets the cause prong--defendant could not have raised it in his previous appeals or 2255 motion because Steele had not yet been sentenced. But he has failed to show prejudice. Although a district court may in its discretion reduce a previous sentence if it was based on incomplete information in order to avoid an unjust disparate sentence, "[g]enerally, a 'claim of a more severe sentence than that received by ... a co-defendant[ ] is not cognizable under 2255.' " Castaldi v. United States, 783 F.2d 119, 124 (8th Cir.) (quoting Entrekin v. United States, 508 F.2d 1328, 1330 (8th Cir.1974)), cert. denied, 476 U.S. 1172 (1986). This is a pre-guidelines case, and "absent specific allegations of constitutionally impermissible motivation on the part of the trial court, a sentence within the statutory limits is again not open to review." United States v. Alfonso, 738 F.2d 369, 373 (10th Cir.1984). Defendant has not presented a convincing case that the district court abused its discretion when it refused to lower defendant's sentence, especially in view of his prior criminal record. See United States v. Jimenez, 928 F.2d 356, 364-65 (10th Cir.), cert. denied, 112 S.Ct. 164 (1991).
 
 
 11
 Defendant next asserts that the district court should have corrected the PSR to reflect that he provided substantial assistance to the government and that he was less culpable than codefendant Steele. Defendant could have asserted that he was less culpable than Steele at the sentencing hearing. Thus, he has not shown cause for failing to raise this issue on direct appeal or in his previous postconviction motions. The record reflects defendant made no effort to rebut the information in the PSR as to his alleged lower culpability, and cannot now assert that the PSR contained erroneous information.[3] As to the substantial assistance, it would be inappropriate to change a PSR, which was accurate at the time of sentencing, to show alleged substantial assistance that occurred after sentencing.
 
 
 12
 Although the district court did not fully explicate its reasoning in denying defendant's motion, on review of the record before us we cannot conclude that any substantial miscarriage of justice will occur if we affirm the district court's dismissal of defendant's motion. In fact, the only error here is our own optimistic statement in the prior appeal in which we stated, in affirming the denial of defendant's new trial, that "[a]ll litigation must eventually come to an end. In Mr. Hutchinson's situation we have reached that end." United States v. Hutchinson, No. 93-1054, 1993 WL 230115, at * 2 (10th Cir.1993). We deny defendant's "Motion for Production of Exculpatory Evidence."
 
 
 13
 AFFIRMED.
 
 
 14
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November29, 1993. 151 F.R.D. 470
 
 
 [2]
 Defendant also asserted in his 2255 motion that he had new information that a witness he called at trial committed perjury. He abandoned this issue in his reply brief
 
 
 [3]
 Even were we to reach the merits of this issue, defendant has failed to show that the challenged information (that he was as culpable as Steele) is (1)false or unreliable and (2)demonstrably made the basis for the sentence. See United States v. Weston, 448 F.2d 626 (9th Cir.1971), cert. denied, 404 U.S. 1061 (1972) (citing Townsend v. Burke, 334 U.S. 736 (1948))