USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-2122 OSCAR DIAZ-CRUZ, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Oscar Diaz-Cruz on brief pro se. _______________ Guillermo Gil, United States Attorney, Jose A. Quiles-Espinosa, _____________ ________________________ Senior Litigation Counsel, and Warren Vazquez, Assistant U.S. _______________ Attorney, on brief for appellee. ____________________ February 27, 1996 ____________________ Per Curiam. Appellant Oscar Diaz-Cruz appeals from __________ the denial of a motion to vacate his sentence filed under 28 U.S.C. 2255. He claims that the disparity between his sentence and those of two of his co-defendants is unwarranted and unreasonable. For the following reasons, we agree that the 2255 motion was meritless. Only certain kinds of alleged sentencing errors may be raised in a collateral proceeding under 2255. These are that (1) a sentence violates the Constitution or the laws of the United States, (2) the district court was without jurisdiction to impose the sentence, (3) the sentence is greater than the statutory maximum, and (4) the sentence "is otherwise subject to collateral attack." See 28 U.S.C.  ___ 2255; Knight v. United States, 37 F.3d 769, 772 (1st Cir. ______ ______________ 1994). Appellant does not allege that his sentence violates the Constitution. Nor could he. A defendant has no constitutional right to receive the same sentence as another convicted of the same offense. Williams v. Illinois, 399 ________ ________ U.S. 235, 243 (1970) ("[t]he Constitution permits qualitative differences in meting out punishment"). Appellant also does not assert that the district court lacked jurisdiction or that his sentence exceeded the statutory maximum. This leaves the last ground. The Supreme Court "has narrowly confined the scope and availability of collateral attack for claims that do not allege -2- constitutional or jurisdictional errors." Knight, 37 F.3d at ______ 772. Such claims are properly brought under  2255 only if the claimed error is "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." The error must "present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." _____________ Id. (quoting Hill v. United States, 368 U.S. 424, 428 ___ ____ _____________ (1962)). Appellant's claim does not rise to the level of a miscarriage of justice. "Absent extraordinary circumstances, a defendant has no . . . fundamental interest in whether a sentence reflects his . . . relative culpability with respect to his . . . co-defendants." United States v. Bokun, 73 F.3d _____________ _____ 8, (2d Cir. 1995). See also United States v. Rodriguez, ____ ___ ____ _____________ _________ 63 F.3d 1159, 1168 (1st Cir.) ("the mere fact of [a] disparity is of no consequence"), cert. denied, 116 S. Ct. ____________ 681 (1995). Appellant fails to state any extraordinary circumstances surrounding his case; he relies instead on a fairness argument. In this context, we note that the general rule in this circuit is that it is not proper for a district court to depart from a guideline range in an effort to equalize the sentences of similarly situated defendants. United States v. Wogan, 938 F.2d 1446, 1448 (1st Cir.), cert. _____________ _____ _____ denied, 502 U.S. 969 (1991). Given appellant's lack in this ______ -3- case of a "fundamental interest" in a sentence equal to those of his co-defendants, his claim of disparate treatment is not cognizable on a 2255 motion. See, e.g., Entrekin v. United ___ ____ ________ ______ States, 508 F.2d 1328, 1330 (8th Cir. 1974) (defendant's ______ assertion that his sentence was harsher than that received by his co-defendant cannot be raised in a 2255 motion), cert. _____ denied, 421 U.S. 977 (1975). ______ We add only that to the extent appellant is separately challenging the trial court's enhancement of his base offense level by two, "[a] non-constitutional claim that could have been, but was not, raised on appeal, may not be asserted by collateral attack under 2255 absent exceptional circumstances." Knight, 37 F.3d at 772. We can perceive no ______ obstacle that would have prevented appellant from challenging the two-level enhancement on direct appeal. "Having bypassed his opportunity to raise the claim on direct appeal, he cannot raise it now on collateral attack." Id. at 773. ___ The judgment of the district court is affirmed. ________ -4-