USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1085

 UNITED STATES,

 Appellee,

 v.

 ELIGIO PALMER-CONTRERAS,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Hector M. Laffitte, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Selya and Stahl, Circuit Judges.
 
 

 Eligio Palmer-Contreras on brief pro se.
 Guillermo Gil, United States Attorney, Jose A. Quiles-
Espinosa, Senior Litigation Counsel, and Camille Velez-Rive,
Assistant United States Attorney, on brief for appellee. 

September 11, 1998

 
 
 Per Curiam. The district court denied the motion of
 appellant Eligio Palmer-Contreras to "equalize" his sentence;
 appellant filed this motion under 18 U.S.C. 3553(a)(6). 
 After reviewing the record and the parties' briefs, we conclude
 that there was no statute or rule under which appellant was
 entitled to seek this relief.
 First, 3553 which is part of the Sentencing
 Reform Act is only applicable to offenses committed after
 November 1, 1987, the effective date of the Act. See United
 States v. Glantz, 884 F.2d 1483, 1488 (1st Cir. 1989) (citations
 omitted). Appellant committed his offense in October 1987. 
 Thus, 3553 does not apply to him.
 This leaves the remedies in existence prior to the
 effective date of the Sentencing Reform Act Fed. R. Crim. P.
 35(b) and 28 U.S.C. 2255 and 2241. The 120-day time limit
 of the applicable version of Rule 35(b) is jurisdictional. See 
 United States v. Ames, 743 F.2d 46, 47-48 (1st Cir. 1984) (per
 curiam). Appellant filed the instant motion about nine years
 after the district court imposed sentence. As a result, such
 a motion would have been time-barred.
 Construing appellant's motion as a petition for
 relief under 28 U.S.C. 2255 also would not help appellant. 
 That is, appellant had filed a previous 2255 motion in July
 1990 and this motion was denied on the merits. If the current
 motion were construed as being brought under 2255, then, it
 would be appellant's second. Under the Antiterrorism and
 Effective Death Penalty Act which applies here since the
 motion at hand was filed in 1997, see Pratt v. United States,
 129 F.3d 54, 58 (1st Cir. 1997), cert. denied, 118 S.Ct. 1807
 (1998) appellant would be prohibited from filing a second or
 successive motion in the district court absent permission from
 this court. See 28 U.S.C. 2255 (1996). He has not received
 such permission. Nor do we think such a motion would be
 successful on the merits. See Entrekin v. United States, 508
 F.2d 1328, 1330 (8th Cir. 1974) (a claim of disparate sentencing
 is not cognizable in a 2255 motion).
 Finally, 2241 is not available to appellant in this
 case because he is not contesting the conditions of his
 confinement. See Miller v. United States, 564 F.2d 103, 105
 (1st Cir. 1977).
 As for the new argument concerning appellant's role
 in the offense, appellant has waived it by failing to raise it
 below. See United States v. Dietz, 950 F.2d 50, 55 (1st Cir.
 1991).
 The judgment of the district court dismissing
 appellant's motion is affirmed.