**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

COTY DALE WALLACE,

    Defendant - Appellant.

No. 15-6013
(D.C. No. 5:14-CR-00263-D-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **GORSUCH**, and **MORITZ**, Circuit Judges.

At trial a jury found Coty Wallace unlawfully possessed an AK-47 in light

of his status as a felon. Now on appeal Mr. Wallace asks us to undo that verdict,

but we do not see how we might.

Mr. Wallace contends that the jury instructions and the government's

evidence at trial effectively (or, as we sometimes say, "constructively") amended

his indictment. And, as he points out, the Fifth and Sixth Amendments prohibit

the government from trying a defendant on charges different from those found in

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

his indictment. *United States v. Farr*, 536 F.3d 1174, 1179 (10th Cir. 2008). But Mr. Wallace didn't raise any complaint along these lines at trial, so to prevail now he must satisfy the demanding plain error standard, showing not just (1) error, but (2) error that is plain, that (3) affects his substantial rights, and that (4) affects as well the fairness, integrity, or reputation of judicial proceedings. *See, e.g., United States v. Edgar*, 348 F.3d 867, 871 (10th Cir. 2003).

It seems to us that Mr. Wallace's constructive amendment arguments falter, at the latest, at the second of these tests. Mr. Wallace notes the indictment charged him with possessing a Romarm Cugir AK-47 bearing a serial number of 1974DR18974, but at trial the government's evidence concerned a Romarm Cugir AK-47 bearing a serial number of 1974DR1894. And, he rightly notes, there is a difference of a digit here. The problem is, of course, that the Constitution's great guarantee against the constructive amendment of indictments at trial isn't concerned with guarding against typos, but with ensuring the defendant receives fair notice of the charges against him and requiring the government to win the approval of its citizens before prosecuting a specific crime. *Farr*, 536 F.3d at 1179, 1184. And in this case, typo or no typo, there can be no serious question either that Mr. Wallace received his fair notice or that the government prosecuted the specific crime on which the grand jury indicted, for it is beyond cavil that the "gun described in the indictment was the same gun produced at trial." *United States v. Rucker*, 417 F. App'x 719, 723 (10th Cir. 2011); *see also United States*

*v. Morrow*, 925 F.2d 779, 781 (4th Cir. 1991); *United States v. Neff*, 525 F.2d 361, 363 (8th Cir. 1975).

Mr. Wallace contends another and separate constructive amendment occurred when the court issued Jury Instruction 14. That instruction first described the generic statutory elements of the felon-in-possession offense, noting that the government had to prove Mr. Wallace knowingly possessed "any firearm . . . or ammunition." Mr. Wallace says these instructions left room for the jury to find him guilty not because he possessed the AK-47 discussed in the indictment, but because he possessed a Glock and ammunition also discussed at trial. Mr. Wallace's argument on this score, however, fails to give sufficient attention to Jury Instruction 11, which clearly directed the jury that Mr. Wallace was "not on trial for any act, conduct or crime not charged in the Indictment." And, of course and again, the only unlawful act charged in the indictment before the jury was the knowing possession of the AK-47. So it is that, viewing the instructions as a whole, they permitted a conviction only if the jury found Mr. Wallace guilty of possessing the AK-47 identified in the indictment. And so here too we cannot say it's plain that an impermissible constructive amendment took place. *See United States v. Zar*, 790 F.3d 1036, 1050 (10th Cir. 2015) (noting that a constructive amendment claim must be assessed in the context of the jury instructions as a whole). Neither does Mr. Wallace's citation to *United States v. Bishop*, 469 F.3d 896 (10th Cir. 2006), persuade us otherwise. There, quite unlike here, the

government expressly sought to secure a conviction on the basis of a special verdict in which the jury found the defendant unlawfully possessed ammunition when the indictment alleged only a weapon. That a constructive amendment took place on those facts does not speak at all plainly to whether one took place on these facts.[1]

Turning from the jury instructions to the evidence presented at trial, Mr. Wallace asks us to hold it insufficient as a matter of law to sustain his conviction. To win a conviction, of course, the government had to show that Mr. Wallace *knew* he possessed the AK-47 identified in the indictment. And this much, Mr. Wallace contends, it failed to do. But viewing the evidence presented at trial in the light most favorable to the jury verdict as we must, *United States v. Michel*, 446 F.3d 1122, 1127 (10th Cir. 2006), we cannot agree. The evidence shows that Mr. Wallace's girlfriend told the local police that Mr. Wallace would be moving out of her house and would be taking his AK-47 with him in a maroon suitcase. The police set up surveillance on the house and, sure enough, Mr. Wallace emerged with a maroon suitcase in which officers soon found the AK-47. Mr. Wallace's friend, Lacee Boynton, also testified that Mr. Wallace texted her a

---

[1] Even if the differences he identifies between his indictment and the trial proceedings do not amount to a constructive amendment, Mr. Wallace suggests they amount at least to a "simple variance." *See United States v. Sells*, 477 F.3d 1226, 1237 (10th Cir. 2007). But this court does not concern itself with simple variances that do not affect a defendant's "substantial rights" and for the reasons we've already given we do not see how what occurred here might. *See id.*; *United States v. Hamilton*, 992 F.2d 1126, 1130 (10th Cir. 1993).

photo of what appeared to be the same AK-47 and asked her to sell it for him online. And another friend, Vincent Juliano testified that Mr. Wallace admitted to him after his arrest that he "got caught on his AK." When all this evidence is considered together we do not doubt that a reasonable jury could infer, as this one did, that Mr. Wallace *knew* he possessed the AK-47. *See, e.g.*, *United States v. McCane*, 573 F.3d 1037, 1046-47 (10th Cir. 2009) (finding proximity to a weapon combined with a defendant's statement indicating possession was sufficient to sustain a conviction).

Finally, Mr. Wallace asks for a new trial because of what he contends were mistaken evidentiary rulings. But our standard of review here is highly deferential — we may ask only whether the district court abused its discretion. *See, e.g.*, *United States v. Burgess*, 576 F.3d 1078, 1098 (10th Cir. 2009). And the various arguments Mr. Wallace raises do not clear that threshold. Mr. Wallace complains that Ms. Boynton's testimony about his purchase of a Glock was irrelevant to his knowing possession of the AK-47 and used simply to show disposition or propensity to own guns, a purpose inconsistent with Rule 404(b) of the Federal Rules of Evidence. But evidence of past bad acts like this can sometimes be admissible if offered to show motive, opportunity, intent, or knowledge. *See* Fed. R. Evid. 404(b); *United States v. Moran*, 503 F.3d 1135, 1143-44 (10th Cir. 2007). And that's precisely what happened here. The government offered and the district court received evidence of Mr. Wallace's

purchase of the Glock to show how a felon like him could manage to obtain a firearm even though he was legally forbidden to trade in them — evidence of opportunity and knowledge that could dispel a reasonable juror's inference that Mr. Wallace could not so easily lay his hands on an AK-47.

Separately, Mr. Wallace argues the district court abused its discretion by admitting the text message he sent to Ms. Boynton showing a picture of an AK-47 and asking for her help in selling it. But the fact that he knowingly possessed what fairly appeared to be the same AK-47 at that time surely makes it more likely that he knowingly possessed the AK-47 at a later time. *See United States v. McGlothin*, 705 F.3d 1254, 1259 n.7, 1264 (10th Cir. 2013) (finding no error where the district court allowed a witness to testify that she had seen the defendant with what appeared to be the same gun prior to his arrest). Notably, too, the district court accompanied the admission of evidence concerning the Glock and photo with an instruction to the jury stressing that it could use this evidence only to infer permissible things like knowledge, not impermissible things like propensity. And, in all events, even if we were to assume the admission of any of this testimony did rise to the level of an abuse of discretion, any error here would seem to us harmless given the considerable evidence of guilt

that would remain.  *See* Fed. R. Crim. P. 52(a).

Affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge